**JANATHAN L. ALLEN, APC**
16745 W Bernardo Dr., Ste 260
San Diego, CA 92127
Janathan L. Allen, Esq. (SBN 179650)
jallen@allenbarron.com
Of Counsel: Timothy J. Grant, Esq. (SBN 122593)
tgrant@allenbarron.com
(858) 376-1501; FAX (858) 376-1410

*Attorney for Defendant,*
Student Loan Advocacy Group

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRAIG CUNNINGHAM,<br><br>                    Plaintiff,<br><br>v.<br><br>STUDENT LOAN ADVOCACY GROUP,<br>and DOES 1–10,<br><br>                    Defendant.<br><br><br>**IMMEDIATE STAY REQUESTED** | Case No.:  18cv0329-GPC-JLB<br><br>Judge: Hon. Gonzalo P. Curiel<br>Magistrate:  Hon. Jill L. Burkhardt<br><br>**DECLARATION OF TIMOTHY J. GRANT IN SUPPORT OF DEFENDANT STUDENT LOAN ADVOCACY GROUP'S REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, ETC.**<br><br>Hearing Date:   June 22, 2018 at 1:30 p.m.<br>Courtroom 2D<br><br>Action Filed:        February 10, 2018 |

I, Timothy J. Grant, declare as follows:

1.        I am an attorney at law, duly licensed to practice in the State of California

and United States District Court, Southern District of California. I am a partner with the

1

DECLARATION OF TIMOTHY J. GRANT IN SUPPORT OF DEFENDANT STUDENT LOAN ADVOCACY GROUP'S
REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, ETC.

18cv0329-GPC-JLB

law firm of Fredrickson, Mazeika & Grant, LLP, counsel of record for Defendant STUDENT LOAN ADVOCACY GROUP.   I am responsible for representing Defendant in this action. I have personal knowledge of each matter stated herein, and can testify to the same and competently under oath if required.

2.      I am submitting this Declaration in Support of Defendant's Request to Take Judicial Notice filed concurrently with Defendant's Motion to Dismiss Plaintiff's Complaint and Stay Action Pending Disposition of Vexatious Litigant Disposition.

3.      Shortly after being retained as defense counsel in this matter, I caused a search to be made on *Lexis* for all TCPA and other consumer cases that have been filed by Plaintiff, CRAIG CUNNINGHAM, in the past 5+ years in any federal court.

4.      The results of that recent *Lexis* search, which were shared with Plaintiff's counsel on March 31, 2018, reveal that 40+ TCPA and several other consumer relief type cases have been filed by Plaintiff in the past 5+ years.  Attached as Exhibit "A" to this declaration is a true and correct copy of the summary of the 40+ litigated matters filed by Plaintiff that have been discovered to date,  including the disposition of those matters, to the extent any disposition could be determined from the *Lexis* search conducted.

5.      The Court is requested, pursuant to Judicial Rule of Evidence Rule 201, specifically FRE 201(b)(1)-(2) and (c)(2), to take judicial notice of each of these litigated TCPA cases, and in particular, the similarities between those prior TCPA

2

DECLARATION OF TIMOTHY J. GRANT IN SUPPORT OF DEFENDANT STUDENT LOAN ADVOCACY GROUP'S
REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, ETC.

18cv0329-GPC-JLB

1  matters and the TCPA and pendent state law claims that are now before this court in the

2  pending Motion to Dismiss, the outcome and term of the prior litigation, the likely huge

3  investment of time, energy and resources of the court and opposing party involved in

4  each litigated matter, and ultimately the manifest improper purposes under which these

5  prior cases were litigated by the Plaintiff.

6       I declare under penalty of perjury that the foregoing is correct. Executed at San

7  Diego, California on April 9, 2018.

8                          s/ Timothy J. Grant

9                          Timothy J. Grant

3

DECLARATION OF TIMOTHY J. GRANT IN SUPPORT OF DEFENDANT STUDENT LOAN ADVOCACY GROUP'S
REQUEST TO TAKE JUDICIAL NOTICE IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS, ETC.

18cv0329-GPC-JLB

**EXHIBIT A**

**Cases Involving Plaintiff Craig Cunningham**

| Cases | Background/ Claim | Outcome |
|---|---|---|
| ***Cunningham v. Rapid Response Monitoring Servs.***, 251 F. Supp. 3d 1187 United States District Court for the Middle District of Tennessee, Nashville Division, Decided April 26, 2017, Case No, 3:15-cv-00846, 251 F. Supp. 3d 1187 * \| 2017 U.S. Dist. LEXIS 63223 ** | Cunningham claims to have received at least 28 phone calls, sometimes only one or two seconds apart, from callers purporting to be conducting a "safety survey" but in fact marketing home security systems and related services.  Counts I and II respectively assert claims under 47 U.S.C. § 227(b) and 47 U.S.C. § 227(c)(5) of the TCPA. Count III alleges civil conspiracy to violate the TCPA. Both the RRMS Defendants and the Individual Defendants have filed motions asking the Court to dismiss Cunningham's claims. Cunningham, in response to those motions, seeks discovery regarding personal jurisdiction over the Individual Defendants. The R&R recommends that no discovery be granted and the case be dismissed because Cunningham lacks standing to bring his claims. | Subsequent History not available.  Defendants' Motion to Dismiss granted in part and denied in part. Roman, Coursey, and Keith's Motion to Dismiss is granted. Count II is dismissed as to all parties, and Counts I and III are dismissed as applied to Russell MacDonnell, David Roman, John Coursey, and John Keith. Count I is dismissed insofar as it relies on a theory of apparent authority against RRMS Defendants. Craig Cunningham's request to conduct discovery on the question of personal jurisdiction is denied. |

| | | |
|---|---|---|
| ***Cunningham v. General Dynamics Info. Tech., Inc***., 2017 U.S. Dist. LEXIS 66094 United States District Court for the Eastern District of Virginia, Alexandria Division, Decided; May 1, 2017, Case No. 1:16-cv-00545, 2017 U.S. Dist. LEXIS 66094 * | 66 Comm. Reg. (P & F) 993 | 2017 WL 1682534 | Cunningham received an automated call from Defendant, called back to learn Defendant's identity. He alleges that Defendants falls under the jurisdiction of TCPA. | The Court granted Defendant's motion to dismiss for the lack of subject matter jurisdiction. |
| ***Cunningham v. Enagic USA, Inc.,*** 2017 U.S. Dist. LEXIS 97486 United States District Court for the Middle District of Tennessee, Nashville Division, Decided June 23, 2017, Case No. 3:15-0847, 2017 U.S. Dist. LEXIS 97486 * | 2017 WL 2719992 | Plaintiff brought two specific counts for relief under the TCPA. In Count I, he alleges that Defendants' calls and texts constitute multiple violations of 47 U.S.C. § 227(b) because Defendants used an automated telephone dialing system to place calls to his cell phone that contained pre-recorded or automated messages. In Count II, he alleges that Defendants' actions constitute multiple violations of 47 U.S.C. § 227(c)(5), as codified under 47 C.F.R. § 64.1200, because the calls had a pre-recorded message that did not state the name, address, or phone number of the calling party and because Defendants failed to have a do-not-call policy and failed to train their agents on the use of a do-not-call policy. | Subsequent History not available. Magistrate Judge recommended that Plaintiff's motion for summary judgment be denied; and Plaintiff's claim for relief under 47 U.S.C. § 227(c)(5) (Count II) be dismissed as to all Defendants. |

| | | |
|---|---|---|
| ***Cunningham v. Techstorm, LLC,*** 2017 U.S. Dist. LEXIS 25047 United States District Court for the Northern District of Texas, Dallas Division, Decided February 23, 2017, Case No. 3:16-CV-2879-M, 2017 U.S. Dist. LEXIS 25047 * | 2017 WL 721079 | Cunningham filed this case alleging that TechStorm, LLC violated the TCPA. Plaintiff's Amended Complaint alleges that Defendant made automated telephone calls to Plaintiff's cell phone in violation of 47 U.S.C. § 227(b) and § 227(c)(5). On December 5, 2016, Defendant moved to dismiss Plaintiff's Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) | Defendant's Motion is therefore granted, and this case is dismissed without prejudice for failure to state a claim. |
| ***Cunningham v. Foresters Fin. Servs***., 2018 U.S. Dist. LEXIS 3375 United States District Court for the Northern District of Indiana, Hammond Division Decided January 9, 2018, Case No. 2:17-CV-00077, 2018 U.S. Dist. LEXIS 3375 * | 2018 WL 339188 | Cunningham brought this action against more than 20 defendants alleging that the Foresters Defendants engaged in a scheme with the other defendants to market their services through the use of pre-recorded messages in violation of the TCPA. | The Harris Defendants' renewed motion to dismiss and Defendant Pugh's motion to dismiss were granted, Defendant Swets' motion to clarify relief sought was denied as moot, and Foresters Defendants' motion to dismiss was granted in part and denied in part. The claim against FFSI for a violation of 47 U.S.C. § 227(b) based on a direct theory of liability was dismissed without prejudice. Claims against defendants Angela Harris/Roach, Insurance Professionals of America, Inc., Pugh, and Foresters Financial Holding Company, Inc., were dismissed for lack of personal jurisdiction. |

3

| *Cunningham v. Caribbean Cruise Line, Inc.*, 2015 U.S. Dist. LEXIS 13204 United States District Court for the Middle District of Tennessee, Nashville Division, Decided February 4, 2015, Case No. 3:14-cv-01040, 2015 U.S. Dist. LEXIS 13204 * | 2015 WL 475271 | In 2012, Plaintiff received multiple automated phone calls with a pre-recorded message which solicited the Plaintiff to call back and get registered for a free vacation cruise package with Caribbean Cruise line. These phone calls violated the TCPA in two ways, first by having a pre-recorded message, and second by the automated nature of them. | The Motion to Dismiss is granted because the Court lacks jurisdiction over Defendant; Motion to Strike was denied as moot, and the action was dismissed. |
|---|---|---|
| *Cunningham v. Health Plan Intermediaries Holdings, LLC*, 2018 U.S. Dist. LEXIS 22921 United States District Court for the Northern District of Illinois, Eastern Division, Decided February 13, 2018, Case No. 17-cv-1216, 2018 U.S. Dist. LEXIS 22921 * | 2018 WL 835222 | Cunningham sued 20 Defendants under the TCPA, 47 U.S.C. § 227 *et seq.* Plaintiff asserts four putative class claims based upon unwanted telemarketing calls he allegedly received on his cell phone. Numerous Defendants have moved to dismiss all claims for various reasons, including lack of personal jurisdiction and failure to state a claim. | Court granted the five motions to dismiss: HPI's; NHH, AFC, and ALI's; Cigna's; LALI's; and GIP's. |

4

| | | |
|---|---|---|
| ***Cunningham v. Caribbean Cruise Lines, Inc***., 2016 U.S. Dist. LEXIS 179758, United States District Court for the Southern District of Florida, Miami Division, Decided December 29, 2016, Case No. 15-62580-CIV-MORENO, 2016 U.S. Dist. LEXIS 179758 * | 2016 WL 7494871 | Plaintiff filed a five-count complaint against Defendant, alleging violation of the TCPA, § 227(b)(1)(A)(iii) (Count I), the Telephone Consumer Protection Act, § 227(b)(1)(B) (Count II), the TCPA, § 64.1200(a)(2) (Count III), TCPA, § 64.1200(b)(1) (Count IV), and the Florida Deceptive and Unfair Trade Practices Act (Count V). Plaintiff alleges Defendant utilized an automatic dialing system to repeatedly call Plaintiff, without consent and without identifying itself, in order to induce him to purchase a cruise package. Plaintiff ultimately purchased one of the packages in an attempt to end the calls and ascertain the caller's identity. | Defendant Caribbean Cruise Lines, Inc.'s Motion to Dismiss Plaintiff's Complaint is granted.  Counts II, III, and IV are dismissed with prejudice. Count I and V are dismissed without prejudice. |
| ***Cunningham v. Homeside Fin., LLC***, 2017 U.S. Dist. LEXIS 197712, United States District Court for the District of Maryland, Decided; December 1, 2017, Case No. MJG-17-2088, 2017 U.S. Dist. LEXIS 197712 * | 2017 WL 5970719 | Cunningham filed a putative class action against Defendant asserting violations of the TCPA, 47 U.S.C. § 227. Cunningham alleges that Homeside placed telemarketing calls to his cell telephone number for the purposes of advertising its services using an automated dialing system. | Defendant's Motion to Stay Proceedings is granted. The case is stayed until further Order. |

5

| | | |
|---|---|---|
| ***Cunningham v. Kondaur Capital***, 2014 U.S. Dist. LEXIS 183095, United States District Court for the Middle District of Tennessee, Nashville Division, Decided November 19, 2014, Case No. 3:14-1574, 2014 U.S. Dist. LEXIS 183095 * \| 2014 WL 8335868 | Plaintiff filed suit in July 2014 under the TCPA after he received unspecified number of text messages on his cell phone from "Julia" soliciting him to call about a home loan. He made return phone calls on at least two occasions to the number that he had been provided and spoke to callers who he asserts identified themselves as the "800 Resources Group" and "Park view legal/Park view law." | Plaintiff's Motion for Leave to Amend was denied; Motion to Dismiss filed by Defendant was granted and the action was dismissed. |
| ***Cunningham v. Rapid Capital Funding, LLC/RCF***, 2017 U.S. Dist. LEXIS 136951, United States District Court for the Middle District of Tennessee, Nashville Division, Decided July 27, 2017, Case No. 3:16-cv-02629, 2017 U.S. Dist. LEXIS 136951 * | Plaintiff filed claims under the TCPA in October 2016 and has since amended his complaint twice.  He now claims violations under Section 227(b) and (c)(5) and 47 CFR § 64.1200(b), (c), & (d)(4) for class placed to his cellphone from an automated telephone dialing system using pre-recorded messages, failing to provide the name or address of the caller, and failing to maintain and train employees on an internal do-not-call policy. | The Magistrate recommended dismissing Count I as to the RCF Defendants (CFR Lack of Safeguards claim), denying dismissal of Count II (Section 227(c)(2) claim), and granting the motion to strike the prayer for attorneys' fees. |

| | | |
|---|---|---|
| ***Cunningham v. Vanderbilt Univ.***, 2017 U.S. Dist. LEXIS 40456 United States District Court for the Middle District of Tennessee, Nashville Division, Decided; February 27, 2017, Case No. 3:16-cv-00223, 2017 U.S. Dist. LEXIS 40456 * | Plaintiff originally filed suit in February 2016 and amended his complaint in August 2016. Plaintiff alleges that Defendants Vanderbilt University and Vanderbilt University Medical Center, violated the TCPA and committed the common law offenses of invasion of privacy and intentional infliction of emotional distress, alleging that one or both of the Defendants had placed over 400 automated phone calls with a pre-recorded message to Plaintiff's cell phone over the past several years. | The Magistrate Judge recommended that Defendants' partial motion to dismiss the amended complaint be granted to the extent that the claim of intentional infliction of emotional distress is dismissed and be denied as to the claim of invasion of privacy. |
| ***In re Monitronics Int'l, Inc***., (Craig Cunningham, Plaintiff, Pro Se ) 223 F. Supp. 3d 514 United States District Court for the Northern District of West Virginia, Decided December 22, 2016, Case No. MDL NO. 1:13-MD-2493, 223 F. Supp. 3d 514 * | 2016 U.S. Dist. LEXIS 177105 ** | 2016 WL 7413495 | All cases are filed seeking damages under the TCPA. These cases contain allegations that UTC and/or Honeywell are vicariously liable for calls made in violation of the Act. There are no allegations that UTC or Honeywell actually placed the telemarketing calls. | Defendant UTC Fire & Security Americas Corporation, Inc.'s Motion for Summary Judgment and Defendant Honeywell's Motion for Summary Judgment are granted. Defendants UTC Fire & Security Americas Corporation, Inc. and Honeywell International, Inc. are dismissed. |
| ***Hodgin v. UTC Fire & Sec. Ams. Corp.*** 2018 U.S. App. LEXIS 6310 United States Court of Appeals for the Fourth Circuit, Decided March 14, 2018, Case No. 17-1222, 2018 U.S. App. LEXIS 6310 * | On appeal (from order above), Plaintiffs challenged the denial of the MSJ and granting of MSJ for UTC and Honeywell. | The judgment of the district court is *AFFIRMED*. |

| | | |
|---|---|---|
| ***Cunningham v. Credit Mgmt., L.P.***, 2010 U.S. Dist. LEXIS 102802, United States District Court for the Northern District of Texas, Dallas Division, Decided August 30, 2010, Case No. 3:09-cv-1497-G (BF), 2010 U.S. Dist. LEXIS 102802 * \| 2010 WL 3791104 | (NOT A TCPA CLAIM) Plaintiff's foremost claim is that Defendants violated the FDCPA by making a false and misleading representation that the debt exists. Plaintiff has provided no evidence to show that the debt either does not exist or is not in the amount Defendants claim. The Court finds that Plaintiff has failed to show that no debt existed. Indeed, Plaintiff "admits that he may have missed the last payment for the Time Warner Bill." Consequently, Plaintiff has failed to show that these statements were false or misleading. | The Court recommended granting Defendants' motions for summary judgment on Plaintiff's claims, denying Plaintiff's motion for summary judgment, and denying the motions for summary judgment on Defendants' counterclaim for bad faith as moot. The Court further recommended finding that Plaintiff has filed this action in bad faith and awarding reasonable attorney's fees to Defendants. |
| ***Cunningham v. Montes***, 2017 U.S. Dist. LEXIS 111115, United States District Court for the Western District of Wisconsin, Decided July 18, 2017, Case No. 16-cv-761-jdp, 2017 U.S. Dist. LEXIS 111115 * \| 2017 WL 3055506 | Cunningham filed suit against Montes and his businesses, alleging that defendants called Cunningham's cell phone using an autodialer, in violation of the TCPA. Defendant failed to timely respond and a default was granted in favor of Plaintiff. | Defendants' motion to dismiss and motion to set aside default are denied. Cunningham's motion for default judgment is granted in part. |
| ***Cunningham v. E. Legal Servs***. 2017 U.S. Dist. LEXIS 129781, United States District Court for the Middle District of Tennessee, Nashville Division, Decided July 6, 2017, Case No. 3:17-0392, 2017 U.S. Dist. LEXIS 129781 * | Cunningham filed *pro se* on August 30, 2016, against multiple defendants. He sought TCPA claims based on allegations that he received automated telemarketing calls to his cell phone in 2016 and also asserts a common law claim for invasion of privacy. | The Magistrate recommended that motion to dismiss by Defendants 33 Wireless and Luis Martinez be granted and that all other remaining Defendants be dismissed under Rule 4(m), and the action be dismissed in its entirety. |

| | | |
|---|---|---|
| ***Cunningham v. Homeside Fin., LLC***, 2017 U.S. Dist. LEXIS 197712, United States District Court for the District of Maryland, Decided; December 1, 2017, Case No. MJG-17-2088, 2017 U.S. Dist. LEXIS 197712 * | 2017 WL 5970719 | Cunningham filed a putative class action against Defendant Homeside Financial, LLC asserting violations of the TCPA that that Homeside placed telemarketing calls to his cellular telephone number for the purposes of advertising its services using an automated dialing system. | The case was stayed until further Order. |
| ***Cunningham v. Local Lighthouse Corp.***, 2017 U.S. Dist. LEXIS 148396, United States District Court for the Middle District of Tennessee, Nashville Division, Decided August 7, 2017, Case No. 3:16-cv-02284, 2017 U.S. Dist. LEXIS 148396 * | Cunningham brought this action pro se under the TCPA. Cunningham alleges that, starting in 2015 he received calls to his cell phone from Local Lighthouse Corporation that "were automated calls with pre-recorded messages." | The Magistrate Judge recommended that Defendants' motion to dismiss Cunningham's claims against them for lack of personal jurisdiction be granted. |
| ***Cunningham v. Shore Funding Sols. Inc.***, 2018 U.S. Dist. LEXIS 36536 United States District Court for the Eastern District of New York, Decided February 27, 2018, Case No. 2:17-cv-2080 (ADS)(AKT), 2018 U.S. Dist. LEXIS 36536 * | 2018 WL 1115151 | Cunningham commenced this putative class action against the Defendant alleging violations of the TCPA based on the Defendant's alleged use of an automatic telephone dialing system to deliver text messages to the Plaintiff's phone without his prior express consent. | The Defendant's motion to stay was granted. |

| | | |
|---|---|---|
| ***Cunningham v. Spectrum Tax Relief, LLC***, 2017 U.S. Dist. LEXIS 118797, United States District Court for the Middle District of Tennessee, Nashville Division, Decided July 7, 2017, Case No. 3:16-2283, 2017 U.S. Dist. LEXIS 118797 * | Plaintiff brings claims under the TCPA, alleging that Defendants used an automated telephone dialing system to place calls to Plaintiff's cell phone in violation of 47 U.S.C. § 227(b), and that Defendants' actions constitute multiple violations of 47 U.S.C. § 227(c)(5) under 47 CFR § 64.1200(d) because Defendants failed to comply with the requirements to maintain employees and train employees on the use of a do-not-call list. | Magistrate recommended that the Motion to Dismiss be: 1) GRANTED on the issue of lack of personal jurisdiction as to Defendants Araujo, Blasiak, and the Araujo Law Offices; 2) DENIED on the issue of lack of personal jurisdiction as to Defendants Spectrum Tax Relief, LLC, and Araujo; 3) GRANTED as to the CFR § 64.1200(d) claim for failure to state a claim; and 4) GRANTED as to the Section 227(b) claim as to Defendants Araujo, Araujo, Blasiak, and the Araujo Law Offices, and that this claim be dismissed as to these Defendants. |
| ***Cunningham v. Sunshine Consulting Grp., LLC***, 2017 U.S. Dist. LEXIS 69079 United States District Court for the Middle District of Tennessee, Nashville Division, Decided May 4, 2017, Case No. 3:16-2921, **2017 U.S. Dist. LEXIS 69079 *** | 2017 WL 1788459 | Cunningham filed this lawsuit on November 17, 2016, bringing claims under the TCPA, based on allegations that he had received multiple automated calls to his cell phone in violation of the TCPA's provisions. He also sought to recover under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692. | Magistrate recommended that the motions to dismiss filed by Defendant Sunshine Consultation Services, LLC and Defendants Sunshine Consulting Group, LLC, Kearns Enterprises, LLC, and Itasca Holdings, LLC be granted; Plaintiff's motion to dismiss be denied; Plaintiff's claims against Defendants Clear Sky Financial, LLC, Lance Palmer, and Lisa Palmer be dismissed under Rule 4(m). |

10

| | | |
|---|---|---|
| ***Cunningham v. Addiction Intervention***, 2015 U.S. Dist. LEXIS 13201 United States District Court for the Middle District of Tennessee, Nashville Division, Decided February 4, 2015, Case No. 3:14-0770, 2015 U.S. Dist. LEXIS 13201 * \| 2015 WL 475264 | Plaintiff brought this pro se action pursuant to the TCPA claiming that at least some of the Defendants made multiple automated telephone calls with a pre-recorded message to his cell phone in 2013 and 2014 soliciting Plaintiff's signing up for help for his drug or alcohol addiction. | Magistrate recommended that Plaintiff be awarded a judgment against Defendants Intervention Now, Inc., A New Day Rehab, Florida House Experience, Ivan Baker, and Andrea Bergman, in the total amount of $18,000 (12 calls at $1,500 per call), jointly and severally, and that punitive damages not be awarded. |
| ***Cunningham v. Alliance Security***, 2014 U.S. Dist. LEXIS 93121, United States District Court for the Middle District of Tennessee, Nashville Division, Decided July 9, 2014, Case No. 3:14-0769, **2014 U.S. Dist. LEXIS 93121 *** \| 2014 WL 3386036 | On March 18, 2014, the *pro se* plaintiff filed a complaint against Alliance Security, a Rhode Island company, alleging that Defendant made multiple automated phone calls with pre-recorded messages to his cell phone in 2013 and 2014 offering him a free security alarm system. | The Magistrate recommended that the Motion to Dismiss filed by Defendant Alliance Security be denied.  No further action noted. |
| ***Cunningham v. Lexington Doc Prep, LLC***, 2016 U.S. Dist. LEXIS 54290 United States District Court for the Middle District of Tennessee, Nashville Division, Decided April 20, 2016, Case No. 3:15-0467, 2016 U.S. Dist. LEXIS 54290 * | Plaintiff brought this *pro se* action under the TCPA and the Fair Debt Collection Practices Act, claiming Defendants made 6 automated telephone calls with an automated telephone dialing system sending a prerecorded message to his cell phone in March 2015, messages that lacked the name of the entity placing the phone calls in violation of Section 227(c)(5) and 47 CFR § 64.1200(d)(4). No timely answer was filed and default was entered. | The Magistrate Judge recommended that a default judgment be entered for Plaintiff in the total amount of $19,000 against Defendants Lexington Doc Prep, LLC, and Michael Dazzo. |

| | | |
|---|---|---|
| ***Cunningham v. Select Student Loan Help, LLC***, 2016 U.S. Dist. LEXIS 175877, United States District Court for the Middle District of Tennessee, Nashville Division, Decided December 20, 2016, Case No. 3:15-cv-00554, 2016 U.S. Dist. LEXIS 175877 * | 2016 WL 7368595 | Plaintiff filed a complaint in May 2015 alleging that Defendants Select Student Loan Help, LLC, Cherise Calmese, Sara Arias, and Select Student Loan, Inc. violated the TCPA and Fair Debt Collection Practices Act through a series of unwelcome automated phone calls. Service issues were presented and defaults were entered against some defendants, who sought relief from Plaintiff's request for default judgment. | The Magistrate recommended the defaults be vacated and the Plaintiff be granted thirty days in which to re-serve the two Defendants or file corrected proofs of service. |
| ***Cunningham v. Trilegiant Corp.***, 2015 U.S. Dist. LEXIS 175905, United States District Court for the Middle District of Tennessee, Nashville Division, Decided August 4, 2015, Case No. 3:14-2181, 2015 U.S. Dist. LEXIS 175905 * | Plaintiff *pro se* sued under the TCPA, claiming that Defendants, or some of them, made an automated telephone call with a pre-recorded message to his cell phone in November 2014.  A timely answer was not filed, a default was entered against defendants, and Plaintiff sought entry of default judgment against them. | The Magistrate concluded that Plaintiff had plead willful and knowing violations of §§ 227(b) and 227(c) with regard to a single call, and recommended that default judgment in the amount of $3,000.00 be entered against Defendants. |
| ***Cunningham v. Polselli***, 2017 U.S. Dist. LEXIS 106955, United States District Court for the Middle District of Tennessee, Nashville Division, Decided; July 10, 2017, Case No. 15-00847, 2017 U.S. Dist. LEXIS 106955 * | Only the order is available. | The magistrate recommended denial of Plaintiff's motion for summary judgment and Count II of the third amended complaint was DISMISSED as to all defendants. |

12

| | | |
|---|---|---|
| ***Cunningham v. Channer LLC,*** 2017 U.S. Dist. LEXIS 181108, United States District Court for the Northern District of Texas, Dallas Division, Decided October 12, 2017, Case No. 3:17-cv-546-L-BN, <u>2017 U.S. Dist. LEXIS 181108 *</u> | Cunningham has voluntarily dismissed without prejudice Defendant National Debt Assistance, which remains unserved. | The Magistrate recommended dismissal of Defendant National Debt Assistance without prejudice under Rule 41(a)(1)(A)(i). |
| ***Cunningham v. N. Versailles Twp.,*** 2010 U.S. Dist. LEXIS 7005 United States District Court for the Western District of Pennsylvania, Decided January 27, 2010, Case No. 09-1314, <u>2010 U.S. Dist. LEXIS 7005 *</u> \| 2010 WL 391380 | <mark>(NOT A TCPA CLAIM)</mark> Plaintiff alleges that he was pulled over by Defendant in an illegal stop and detained for 30 minutes, alleging violations of his 4th Amendment rights. | Defendants' Motion to Dismiss was granted, in part and denied, in part. |
| ***Cunningham v. Panola County,*** 2011 U.S. Dist. LEXIS 57850 United States District Court for the Eastern District of Texas, Tyler Division, Decided May 8, 2011, Case No. 6:10-CV-362, <u>2011 U.S. Dist. LEXIS 57850 *</u> \| 2011 WL 2149537 | <mark>(NOT A TCPA CLAIM)</mark> Plaintiff alleges that he was detained in an illegal *Terry* stop. He was pulled over for a tail light, and then questioned about his concealed hand gun license and asked permission for this vehicle to be searched. He refused to answer any questions. | Magistrate recommended that Cunningham's civil rights complaint and pendent state law claims be dismissed with prejudice and that Defendant's Motion for Summary Judgment be granted and Cunningham's Partial Motion for Summary Judgment be denied. |

| | | |
|---|---|---|
| ***Cunningham v. Careington Int'l Corp.***,<br>2017 U.S. Dist. LEXIS 167328, United States District Court for the Eastern District of Texas, Sherman Division Decided October 10, 2017, Case No. 4:17-cv-00040, <u>2017 U.S. Dist. LEXIS 167328 *</u> | Only the order is available. | Plaintiff's Motion to Dismiss Without Prejudice should be granted |
| ***Cunningham v. Felix***,<br>2017 U.S. Dist. LEXIS 49298 United States District Court for the Northern District of Texas, Dallas Division, Decided March 9, 2017, Case No. 3:16-CV-2120-G-BK, <u>2017 U.S. Dist. LEXIS 49298 *</u> | <mark>(NOT A TCPA CLAIM)</mark><br>*Pro se* plaintiff Cunningham brought civil rights action against Texas Department of Public Safety employees Carlos Felix, Adam Albritton, Bobby Nichols, Thomas Moore, Kevin Gray, Michael Bradberry, and Steven McCraw based on events stemming from a June 2016 traffic stop. | The Magistrate recommended Defendants' *Motion to Dismiss*, be granted in part. All claims, except the 4th Amendment claim against Troopers Albritton and Felix for illegal detention, stemming from the June 2016 traffic stop, should be dismissed without prejudice. |
| ***Cunningham v. Florio***,<br>2018 U.S. Dist. LEXIS 33456 United States District Court for the Eastern District of Texas, Sherman Division, Decided January 29, 2018, Case No. 4:17-CV-00839-ALM-CAN, <u>2018 U.S. Dist. LEXIS 33456 *</u> | Only order is available. | The Court recommends that Plaintiff's Motion for Entry of Default be denied. |

| | | |
|---|---|---|
| ***Cunningham v. Nationwide Bus. Res., Inc***., 2017 U.S. Dist. LEXIS 44713 United States District Court for the Central District of California, Decided March 27, 2017, Case No. 2:16-cv-4542-MWF-KS, 2017 U.S. Dist. LEXIS 44713 * | Only the order is available. | It was ordered that pursuant to the Stipulation the entire above-captioned action be dismissed with prejudice as to Cunningham's individual claims, and without prejudice as to the putative class action claims alleged. |
| ***Cunningham v. Ocwen Fin***., 2013 U.S. Dist. LEXIS 173061, United States District Court for the Middle District of Tennessee, Decided December 10, 2013, Case No. 3:12-cv-0440, 2013 U.S. Dist. LEXIS 173061 * 2013 WL 6528773 | (NOT A TCPA CLAIM) Cunningham brought claims against Litton and Ocwen for violations of the Fair Credit Reporting Act, the Fair Debt Collection Practices Act and Real Estate Settlement Procedures Act, based on alleged false or erroneous financial reports provided by Ocwen and Litton to multiple consumer reporting agencies | The Magistrate recommended that the defendants' Motion to Dismiss be granted in part and denied in part, allowing to proceed claims Defendants failed to conduct reasonable investigations or failed to modify, delete, or block inaccurate information after an investigation. |
| ***Cunningham v. Eastern Legal Servs***. 2017 U.S. Dist. LEXIS 129782, United States District Court for the Middle District of Tennessee, Nashville Division, Decided; August 15, 2017, Case No. 3:17-cv-00392, 2017 U.S. Dist. LEXIS 129782 * \| 2017 WL 3485640 | Only the order is available. | The claims against all other defendants are dismissed without prejudice for failure to timely serve service of process. |

15

| | | |
|---|---|---|
| **Cunningham v. E. Broker Ctr., Inc**., 2017 U.S. Dist. LEXIS 167485, United States District Court for the Eastern District of Texas, Sherman Division Decided September 20, 2017, Case No. 4:17-CV-00040-ALM-KPJ, 2017 U.S. Dist. LEXIS 167485 * | Only the order is available. | The Court recommended that Plaintiff's Motion To Dismiss Without Prejudice should be granted. |
| **Cunningham v. Trans Union**, 2015 U.S. Dist. LEXIS 101210, United States District Court for the Middle District of Tennessee, Nashville Division, Decided August 3, 2015, Case No. 3:14-cv-02410, 2015 U.S. Dist. LEXIS 101210 * | 2015 WL 4629092 | (NOT A TCPA CLAIM) Plaintiff filed his Complaint on December 31, 2014 under the Fair Debt Collections Practices Act, the Fair Credit Reporting Act and for improper foreclosure and loss of equity. Defendant Trans Union filed an Answer and Counterclaim. Plaintiff filed an Amended Complaint and Defendants filed dispositive motions. | The Magistrate recommended that Plaintiff's Motion to Stay be denied; and that Defendant Chase's and Ocwen's Motions to Dismiss be granted; and that Defendant Trans Union's Motion for Judgment on the Pleadings be granted. |
| **Cunningham v. Tieche**, 2017 U.S. Dist. LEXIS 97484 United States District Court for the Middle District of Tennessee, Nashville Division, Decided April 27, 2017, Case No. 3:16-CV-00222, 2017 U.S. Dist. LEXIS 97484 * | Only the order is available. | The Magistrate Judge recommended that the Court grant Plaintiff's Motion to Dismiss Shoutpoint, Inc. with prejudice. |

16

| | | |
|---|---|---|
| ***Cunningham v. Shoutpoint, Inc.***, 2017 U.S. Dist. LEXIS 97488, United States District Court for the Middle District of Tennessee, Nashville Division, Decided; June 23, 2017, Case No. 3:16-cv-00222, <u>2017 U.S. Dist. LEXIS 97488 *</u> | Only the order is available. | Plaintiff's Motion to Dismiss Defendant Shoutpoint Inc. With Prejudice was granted, and all claims against defendant were dismissed with prejudice. |
| ***Cunningham v. Shopperlocal, LLC***, 2017 U.S. Dist. LEXIS 214058, United States District Court for the Middle District of North Carolina, Decided June 12, 2017, Case No. 1:17CV24, <u>2017 U.S. Dist. LEXIS 214058 *</u> | Only the order is available. | Class Certification Motion is DENIED WITHOUT PREJUDICE subject to Plaintiff refiling a motion for class certification at an appropriate time. |
| ***Cunningham v. McDonald***, 2016 U.S. Dist. LEXIS 101807, United States District Court for the Middle District of Tennessee, Nashville Division, Decided August 3, 2016, Case No. 3:15-cv-00215, <u>2016 U.S. Dist. LEXIS 101807 *</u> | Only the order is available. | The pending Motion should was DENIED as moot. |
| ***Cunningham v. Telemarketers***, 2016 Tenn. Cir. LEXIS 3259 Twentieth Judicial Circuit Court of Davidson County, Fifth Circuit, Tennessee Decided May 17, 2016, Case No. 16C326, <u>2016 Tenn. Cir. LEXIS 3259 *</u> | Only the order is available. | Alliance Security, Inc.'s Motion to Intervene Solely to Move to Quash Subpoena Duces Tecum is GRANTED, and the Subpoena Duces Tecum as to Ring Central, Inc. is hereby QUASHED. |